IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CATHY PARSON | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | FILE NO. 1:17-cv-0967-AT |
| THE GUARDIAN LIFE INSURANCE | ) | |
| COMPANY OF AMERICA | ) | |
| | ) | |
| Defendant | ) | |

**ANSWER**

Defendant THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA ("The Guardian") answers plaintiff's complaint as follows:

**First Defense**

Additional long-term disability ("LTD") benefits are not payable to plaintiff under Group Policy No. G-00486337 ("the Group Policy"). The Group Policy was issued by The Guardian to fund disability benefits under an employee welfare benefit plan ("the Plan") sponsored and maintained pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 *et seq.*, by Whitaker Oil Company, of which plaintiff's former employer, Alchem Chemical Company, was an associated company.

**Second Defense**

Plaintiff is not disabled within the terms of the Group Policy and the Plan,

because she is not prevented, due to sickness or injury, from performing, on a full-time basis, the major duties of any gainful work.

**Third Defense**

Additional LTD benefits are not payable to plaintiff, because she is able to perform the major duties of any gainful work on a full-time basis with reasonable accommodation.

**Fourth Defense**

The Guardian has paid and plaintiff has accepted all disability benefits that were payable to plaintiff under the terms of the Group Policy and the Plan.

**Fifth Defense**

The decision to deny plaintiff's claim for additional LTD benefits under the Group Policy and the Plan was legally correct, was not arbitrary and capricious, and did not result from an abuse of discretion.

**Sixth Defense**

Plaintiff's legal action is barred by the Limitation of Actions provision of the Group Policy, because plaintiff's complaint was filed more than three years from the date she filed proof of loss.

**Seventh Defense**

If plaintiff's claimed disability is due to repetitive motion injury, as alleged in paragraph 13 of her complaint, and if plaintiff were entitled to additional LTD

benefits, which is denied, such benefits would be limited to a 24-month payment period under the Disabilities with a Limited Payment Period provision of the Group Policy.

**Eighth Defense**

If additional LTD benefits were payable to plaintiff under the Group Policy and the Plan, which is denied, such benefits would be offset by any income that plaintiff receives, or is entitled to receive, as defined by the Other Income Benefits provision of the Group Policy.

**Ninth Defense**

The Guardian discharged its duties with respect to the Plan in accordance with the documents and instruments governing the Plan, in accordance with the requirements of ERISA, and in the sole interest of the Plan participants and beneficiaries.

**Tenth Defense**

The Guardian answers the numbered paragraphs of plaintiff's complaint as follows:

1.

Paragraph 1 of plaintiff's complaint is admitted.

2.

Answering the first sentence of paragraph 2 of plaintiff's complaint, The

Guardian admits that it is a mutual life insurance company organized under the laws of New York; that its principal place of business is located at 7 Hanover Square, New York City; and that it administers claims for disability insurance and life insurance benefits under the Group Policy. Otherwise, the first sentence of paragraph 2 of plaintiff's complaint is denied. The second and third sentences of paragraph 2 of plaintiff's complaint are admitted.

3.

Paragraph 3 of plaintiff's complaint is admitted.

4.

Answering paragraph 4 of plaintiff's complaint, The Guardian admits that plaintiff's former employer, Alchem Chemical Company, is associated with Whitaker Oil Company; that the Group Policy was issued to Whitaker Oil Company; that the Group Policy provided LTD benefits to eligible employees of Whitaker Oil Company and its associated companies, including Alchem Chemical Company, as part of the Plan.

5.

Answering paragraph 5 of plaintiff's complaint, The Guardian admits that the Group Policy is a contract between The Guardian and Whitaker Oil Company; that the Group Policy provides enumerated benefits to eligible Plan participants, including LTD benefits; that the Group Policy was in force at all times material

hereto; and that plaintiff's claim to recover LTD benefits under the Group Policy was assigned Claim No. 000065801.

6.

Paragraph 6 of plaintiff's complaint is admitted.

7.

Answering paragraph 7 of plaintiff's complaint, The Guardian admits that plaintiff was employed by Alchem Chemical Company effective February 1, 1999; that plaintiff was a participant in the Plan; and that plaintiff was insured under the Group Policy from April 1, 2013, until her eligibility for LTD benefits ended.

8.

Paragraph 8 of plaintiff's complaint is admitted.

9.

Answering paragraph 9 of plaintiff's complaint, The Guardian admits that it administers claims for benefits under the Group Policy; that it exercises discretionary authority to interpret the terms of the Group Policy and to determine a covered person's eligibility for coverage and for benefits under the Plan; and that it is a fiduciary of the Plan for the purpose of administering claims for benefits under the Group Policy.

10.

Answering paragraph 10 of plaintiff's complaint, The Guardian admits that

the Group Policy defines the terms "Disability" and "Disabled" as follows:

> These terms mean that a current *sickness* or *injury* causes physical or mental impairment to such a degree that the covered person is:
>
> > (1) During the *elimination period* and the *own occupation* period, not able to perform, on a full-time basis, the major duties of his or her *own occupation*.
> >
> > (2) After the end of the *own occupation* period, not able to perform, on a full-time basis the major duties of *any gainful work*.
>
> The covered person is not *disabled* if he or she earns, or is able to earn, more than this *plan's* maximum allowed *disability earnings*.

For further answer, The Guardian admits that the Group Policy defines "Gainful Occupation" or "Gainful Work" as follows:

> Work for which a covered person is, or may become, qualified by: (a) training; (b) education; or (c) experience. When a covered person is able to perform such work on a full-time basis, he or she can be expected to earn at least 60% of his or her indexed *insured earnings* within 12 months of returning to work.

Otherwise, paragraph 10 of plaintiff's complaint is denied.

11.

Paragraph 11 of plaintiff's complaint is admitted.

12.

Answering paragraph 12 of plaintiff's complaint, The Guardian admits that plaintiff reported her last day of work for Alchem Chemical Company was September 18, 2013; that plaintiff reported she ceased work due to cervical disc

herniation; and that plaintiff's doctor later reported that plaintiff had a right rotator cuff tear.

13.

Answering the first sentence of paragraph 13 of plaintiff's complaint, The Guardian admits that plaintiff has received treatment from Resurgens Orthopaedics, and that plaintiff has not had surgery on her right shoulder and right arm. Otherwise, the first sentence of paragraph 13 of plaintiff's complaint is neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth thereof. The second sentence of paragraph 13 of plaintiff's complaint is neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth thereof. The third sentence of paragraph 13 of plaintiff's complaint is admitted. Answering the fourth sentence of paragraph 13 of plaintiff's complaint, The Guardian admits that plaintiff's diagnoses in 2013 included at C6-7 mild to moderate central stenosis and mild bilateral neural foraminal narrowing, at C5-6 mild central stenosis and mild neural foraminal narrowing, and at C4-5 mild central stenosis a mild bilateral foraminal narrowing; and that plaintiff's diagnoses in 2015 included a large full-thickness retracted tear of the supraspinatus tendon in the right shoulder, and mild osteoarthritis of the AC joint. The fifth sentence of paragraph 13 of plaintiff's complaint is admitted. Answering the sixth sentence of paragraph 13 of plaintiff's

complaint, The Guardian admits that plaintiff's attending physician reported on May 12, 2016, that plaintiff could continuously engage in firm grasping, fine manipulation, and fingering and keying, that plaintiff could occasionally lift and carry up to five pounds, and that plaintiff could occasionally lift and carry six to ten pounds, but not above the shoulder. For further answer to the sixth sentence of paragraph 13 of plaintiff's complaint, The Guardian refers to plaintiff's medical records, which speak for themselves, for a full disclosure of their contents, and denies all allegations inconsistent therewith. The seventh sentence of paragraph 13 of plaintiff's complaint is denied.

14.

Answering paragraph 14 of plaintiff's complaint, The Guardian admits that plaintiff submitted a claim for LTD benefits under the Group Policy and the Plan; that The Guardian paid and plaintiff accepted LTD benefits for two years, from December 18, 2013, through December 18, 2015; and that by letter dated November 3, 2015, The Guardian informed plaintiff that additional LTD benefits were not payable under the terms of the Group Policy. For further answer, The Guardian refers plaintiff to the letter dated November 3, 2015, which speaks for itself, for a full disclosure of its contents.

15.

Paragraph 15 of plaintiff's complaint is admitted.

16.

Answering paragraph 16 of plaintiff's complaint, The Guardian admits that by letter dated May 20, 2016, it upheld its decision that additional LTD benefits were not payable to plaintiff under the terms of the Group Policy. For further answer, The Guardian refers plaintiff to the letter dated May 20, 2016, which speaks for itself, for a full disclosure of its contents.

17.

Answering paragraph 17 of plaintiff's complaint, The Guardian admits that plaintiff's medical records show that in 2016 her attending physician recommended arthroscopic rotator cuff repair of her right shoulder, but plaintiff did not submit medical records to The Guardian showing whether the surgery was done. Otherwise, paragraph 17 of plaintiff's complaint is denied.

**Count I: Entitlement to Long-Term Disability Benefits**

18.

For answer to paragraph 18 of Count I of plaintiff's complaint, The Guardian adopts and incorporates by references its answers to paragraphs 1 through 17 of plaintiff's complaint.

19.

Paragraph 19 of Count I of plaintiff's complaint is denied.

20.

Answering paragraph 20 of Count 1 of plaintiff's complaint, The Guardian admits that it denied plaintiff's claim for additional LTD benefits under the Group Policy and the Plan. Otherwise, paragraph 20 of Count 1 of plaintiff's complaint is denied.

21.

Except as admitted herein, the allegations of plaintiff's complaint are denied.

WHEREFORE, defendant THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, having answered fully, prays that judgment be entered in its favor and that it be awarded its reasonable attorney's fees and costs pursuant to 29 U.S.C. § 1132(g).

This 23rd day of March, 2017.

*s/ H. Sanders Carter, Jr.*
H. Sanders Carter, Jr.
Georgia Bar No. 114100

*s/ Andrea K. Cataland*
Andrea K. Cataland
Georgia Bar No. 116282

Attorneys for Defendant

SMITH MOORE LEATHERWOOD LLP
1180 West Peachtree Street, Suite 2300
Atlanta, Georgia 30309
(404) 962-1000 - *Telephone*
(404) 962-1200 - *Facsimile*
*sanders.carter@smithmoorelaw.com*
*andrea.cataland@smithmoorelaw.com*

## CERTIFICATE OF SERVICE AND TYPE SIZE COMPLIANCE

Pursuant to the Court's Standing Order No. 04-01, and Local Rule 5.1B, NDGa., the foregoing pleading was prepared in Times New Roman, 14 point, was filed electronically with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorney of record:

J. Mac C. Pilgrim, Esq.
THE PILGRIM LAW GROUP, LLC
845 South Carroll Road
Suites A & B
Post Office Box 2200
Villa Rica, Georgia 30180

This 23rd day of March, 2017.

*s/ H. Sanders Carter, Jr.*
H. Sanders Carter, Jr.